**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NHA T. DO**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NUMBER: 25-2545**

**NEW ORLEANS CITY, ET AL.**                                     **DIVISION: (5)**

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss for Failure to State a Claim (rec. doc. 11)

filed by Defendants the City of New Orleans and Tammie Jackson, in her individual and

official capacity as the Director of the Department of Safety and Permits for the City of New

Orleans (collectively, "Defendants").  Plaintiff Nha T. Do opposes the motion (rec. doc. 15),

and Defendants have filed a reply.  (Rec. doc. 19).  Having reviewed the pleadings and the

applicable law, the Court rules as follows.

## I.      Background

Plaintiff, who is Vietnamese, filed his Complaint against Defendants on December 23,

2025.  (Rec. doc. 1).  This suit arises from the termination of Plaintiff's employment at the

City of New Orleans Department of Safety & Permits where he first began working on April

28, 2008.  (*Id.* at ¶ 2).  Plaintiff, who holds an electrical engineering degree, held the

permanent status position of Chief Electrical Inspector.  (*Id.* at ¶¶ 2, 11).  In or around 2015,

Office of the Inspector General ("OIG") employee Kristen Morales made a comment that an

"Asian inspector should not do inspection[s] for Asian contractors."  (*Id.* at ¶ 23).

In 2024, Plaintiff became the subject of an investigation by the Department of Safety

and Permits, in cooperation with the Office of Inspector General, regarding alleged policy

violations.  (*Id.* at ¶ 12).  Director Tammie Jackson called OIG Director Kenneth Petro and

State Board Contractor Investigator Sean Beavers to Plaintiff's workplace, where they attempted to "force [him] to sign a 'public corruption' document against [his] will." (*Id.* at ¶ 29).

On January 25, 2024, Plaintiff submitted a Formal Complaint Letter in which he requested that investigations against him by the OIG (Kenneth Petro) and the State Board of Contractors (Sean Beavers) cease, characterized their actions as "persecutorial [sic] tactics to intimidate [him] and force [him] from [his] job," and noted that they had repeatedly threatened his civil-service status and falsely accused him of Public Corruption. (*Id.* at ¶ 6).

On February 12, 2024, Plaintiff received a Notification of Emergency Suspension and Pre-Termination Hearing, placing him on suspension without pay. (*Id.* at ¶ 13). On April 8, 2024, Tammie Jackson issued a letter of termination to Plaintiff. (*Id.* at ¶ 30). The grounds for termination included violations of departmental conflict of interest policy (Policy 13-10) and ethical violations, including allegedly improperly closing out permits on four properties he owned in 2016-2017. (*Id.* at ¶ 14). On appeal, the New Orleans Civil Service Commission upheld the termination. (*Id.* at ¶ 18). Plaintiff also timely filed an appeal of the Civil Service Commission to the Court of Appeal for the Fourth Circuit, which upheld the termination. *Do v. Dep't of Safety & Permits*, 420 So.3d 714 (La. Ct. App. 2025), *writ denied*, 420 So.3d 714 (La. 2025).

Plaintiff's Complaint against Defendants asserts the following claims: (i) a violation of Title VII for discrimination on the basis of race and national origin and (ii) a violation of Title VII for retaliation on the basis of race and national origin. Plaintiff claims that Defendants subjected him to unlawful discrimination based on his race and/or Vietnamese national origin, culminating in his emergency suspension and termination. (Rec. doc. 1 at ¶ 33).

Further, Plaintiff alleges that he engaged in protected activity by reporting illegal activities, acting as a whistleblower, and submitting a formal complaint on January 25, 2024, detailing harassment and persecution by OIG and State Board staff.  (*Id.* at ¶ 37).  As such, Plaintiff argues that Defendants took adverse employment actions – specifically the emergency suspension on February 12, 2024 and his subsequent termination on April 8, 2024 – due to Plaintiff's protected activities in opposing perceived unlawful harassment and corruption. (*Id.* at ¶ 38-39).

## II.   Standard on a Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is viewed with disfavor and is therefore rarely granted. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.,* 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012) (en banc)).  But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet*, Inc., 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

### III.    Law and Analysis

#### A.    Claim for Violation of Title VII Race and National Origin Discrimination

"A plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). However, the Fifth Circuit has noted that although a plaintiff does not "have to submit evidence to establish a prima facie case of discrimination at this stage, [he must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [his] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

There are two ultimate elements that a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an "adverse employment action" (2) taken against a plaintiff "because of h[is] protected status." *See Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)); *see also id.* (explaining that a plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably"); *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006) (noting that a "discriminatory motive is required" for disparate treatment claims).

Here, Plaintiff can establish the first element in that he experienced adverse employment actions through the February 12, 2024 emergency suspension and the April 8, 2024 termination. However, Plaintiff fails to show that the emergency suspension and termination were adverse employment actions taken because of his race or national origin. The only allegation related to race or national origin was the comment attributed to OIG

employee Kristen Morales.  Plaintiff's pleading states: "The discrimination began 'since 2015 and continuing' when an individual from OIG, Kristen Morales, made a comment in the presence of electrical contractors that an 'Asian inspector should not do inspection for Asian contractors.'"  (Rec. doc. 11-1 at 4).  He does not allege when the comment was made, although it could have been as early as 2015.  It is also uncertain whether Plaintiff was present at the time the comment was made, because the facts alleged only include the presence of electrical contractors.  Plaintiff then experienced two adverse employment actions in 2024 by director of Department of Safety & Permits, Tammie Jackson.  There is no temporal proximity because the subject comment was made at least three years before the Plaintiff experienced the adverse employment actions.  Further, Plaintiff fails to plead any connection between Morales, who worked in the OIG's office, and Tammie Jackson, the Director of the Department & Safety Permits who made the adverse employment decisions in 2024.

### B.      Claim for Violation of Title VII for Retaliation

Title VII makes it unlawful to discriminate or take an adverse employment action against an employee who has opposed an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a).  "To state a claim for retaliation under Title VII, a plaintiff must show that '(1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action.'"  *Cabral v. Brennan*, 853 F.3d 763, 766-67 (5th Cir. 2017) (quoting *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015)).

A "protected activity" under Title VII is defined as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or

participating in any investigation, proceeding, or hearing under Title VII." *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830-31 (E.D. La. 2012) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). Title VII thus covers two distinct types of protected activity: (1) opposition to any practice rendered unlawful by Title VII (the "opposition clause"), and (2) making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII (the "participation clause"). *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 274 (2009).

Evidence that the plaintiff opposed the defendant's conduct, standing alone, does not satisfy the opposition clause. Rather, the clause "requires opposition of a practice made unlawful by Title VII." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (emphasis in original). However, the Fifth Circuit has made clear that the standard is not whether the plaintiff can successfully state and support a Title VII claim but whether the plaintiff "reasonably believes the employment practice to be unlawful." *Id.* (citing *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1136 (5th Cir. 1981)). This "reasonable belief" standard acknowledges that there is "some zone of conduct that falls short of an actual violation but could be reasonably perceived to violate Title VII." *Id.* at 241.

Here, Plaintiff did not include in his Formal Complaint Letter an allegation that the conduct of the OIG and the State Board of Contractors involved discrimination in any way. Instead, he characterizes their actions as "persecutorial [sic] tactics to intimidate [him] and force [him] from [his] job" and notes that they had repeatedly threatened his civil service status and falsely accused him of corruption. He does not plead any workplace act or practice by the City's OIG that violates the law. Thus, his pleadings do not adequately show that he engaged in conduct protected by Title VII.

7

### C. CLAIM AGAINST DEFENDANT TAMMIE JACKSON

Plaintiff also brings a Title VII claim against both the City of New Orleans and Tammie Jackson in her individual and official capacity as the Director of the Department of Safety & Permits for the City of New Orleans and therefore a decision maker responsible for the adverse employment actions taken against Plaintiff. The Fifth Circuit has consistently held that there is no individual liability for employees under Title VII. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir.2002) (citing *Indest v. Freeman Decorating*, Inc., 164 F.3d 258, 262 (5th Cir. 1999)). "While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import respondeat superior liability into Title VII." *Id.* (citing *Indest*, 164 F.3d at 262). Thus, an employee or supervisor faces liability solely in his official capacity. *See Dixon v. Primary Health Servs. Ctr.,* Civ. A. No. 10-1490, 2011 WL 1326841, at *2 (W.D.La. Mar. 3, 2011) (citing *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir.1990) ("Only when a public official is working in an official capacity can that official be said to be an "agent" of the government.")). Naming both the municipal employer and its agent in their official capacity is redundant. Accordingly, the claims made against Defendant Tammie Jackson are dismissed with prejudice.

## IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (rec. doc. 11) is **GRANTED** and Plaintiff's Title VII claims against Defendant City of New Orleans are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and he is allowed 30 days from the date of this Order and Reasons within which to amend his Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Tammie Jackson pursuant to Title VII are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this __22nd__ day of _____ July _____, 2026.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE